IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DARREN PASCAVAGE, *et al.*,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 23-00336-KD-B |
| | ) |
| **St. Luke's Episcopal School, *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |

### ORDER

This action is before the Court on the Motion for Leave to Amend with Consent filed by Plaintiffs Darren Pascavage, "J.P.P. (a minor child) and C.I.P. (a minor child)" (hereinafter "Pascavage") (doc. 28), Defendants' Motion regarding Defendants' Deadline to File Responsive Pleadings (doc. 31), and *sua sponte* review of the Second Amended Complaint (doc. 34).

I. Background

This action was removed from the Circuit Court of Mobile County, Alabama (doc. 1). The original complaint was stricken as an impermissible shotgun pleading (doc. 18). Pascavage was ordered to file an Amended Complaint that addressed the deficiencies identified in the Order striking the original complaint and that complied with the pleading requirements of Federal Rules of Civil Procedure 8 and 10. Pascavage was cautioned that failure to timely plead an amended complaint that corrected the deficiencies identified in the Order and complied with the Federal Rules of Civil Procedure would result in the dismissal of this action for failure to comply with the Court's order.

Pascavage timely filed an Amended Complaint which addressed some of the pleading deficiencies (doc. 25). Pascavage then filed the pending Motion for Leave to Amend with

Consent (doc. 28). Pascavage stated that "[p]ursuant to Rule 15(a)(2), Fed. R. Civ. P. upon consent of all parties Plaintiff requests leave to amend the Complaint to correct the name of an individual who is non-party to this action" and that justice requires allowing the amendment. The one-page, two paragraph Motion did not identify the non-party's name to be corrected and failed to attach a copy of the proposed Second Amended Complaint as required by S. D. Ala. Civ. L.R. 15.[1] Additionally, Pascavage failed to provide the "written consent" of the opposing parties as required under Fed. R. Civ. P. 15(a)(2).

One week later, Defendants filed their Motion Regarding Defendant's Deadline to File Responsive Pleadings (doc. 31). Defendants state that they provided their "written consent on October 17, 2023". They ask the Court for fourteen-days to answer or otherwise respond to the Second Amended Complaint after the Court grants Pascavage's Motion. Alternatively, they ask for fourteen-days to answer or otherwise respond to the First Amended Complaint after the Court denies Pascavage's Motion. About a week later, and without a ruling on the Motion to Amend Complaint, Pascavage filed his Second Amended Complaint (doc. 34).

Since the Defendants filed their written consent (doc. 31), the Court need not analyze whether the interests of justice require allowing Pascavage to amend his Amended Complaint. Fed. R. Civ. P. 15(a)(2). Accordingly, Pascavage's Motion for Leave to Amend is MOOT. Since the Court has neither granted nor denied Pascavage's Motion for Leave to Amend, Defendant's Motion regarding Deadlines to File Responsive Pleadings is MOOT.

The Court notes that the Second Amended Complaint (doc. 34) still exhibits the disfavored features of a shotgun pleading as identified in the prior Order (doc. 18). Primarily,

---

[1] "Civil L.R. 15. Amended and Supplemental Pleadings. … (b) A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend."

the adoption by reference of all prior paragraphs into each count and failing to separate each cause of action or claim for relief into a different count. Additionally, the Second Amended Complaint includes disallowed fictitious parties. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court.") (citing Dean v. Barber, 951 F.2d 1210, 1215–16 (11th Cir.1992) (explaining that a limited exception exists when a fictitious party's description is specific) and New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n. 1 (11th Cir.1997)). Also, the style of the Second Amended Complaint did not indicate that Darren Pascavage and Andrea Pascavage are both suing as next friend for their minor children. Fed. R. Civ. P. 17(c)(2)("Without a Representative. A minor … who does not have a duly appointed representative may sue by a next friend …").

DONE and ORDERED this the 14th day of November 2023.

    s/ Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**