IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARREN PASCAVAGE, *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| vs. | * CIVIL ACTION NO. 23-00336-KD-B |
| | * |
| ST. LUKE'S EPISCOPAL CHURCH, | * |
| *et al.*, | * |
| | * |
| Defendants. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on several motions filed by the various Defendants in this action, namely the motion to dismiss (Doc. 36) filed by the St. Luke Episcopal Church Defendants[1] (referenced as "SLE Church Defendants"), the motion for summary judgment (Doc. 37) filed by Defendants Bishop Russell Kendrick, Jack Baylor, Mike Dossett, Fran Garrett, Gloria Henighan, Ronnie Hardy, Christine Jacobs, and Ray Thompson, the motion to dismiss all claims and motion for summary judgment on Plaintiffs' invasion of privacy claim (Doc. 38) filed by the St. Luke Episcopal School

---

[1] For purposes of clarity, the following Defendants are referenced as "SLE Church Defendants," namely, St. Luke's Episcopal Church ("SLE Church"); Episcopal Diocese of the Central Gulf Coast ("Diocese"); SLE Church Vestry and, in their official and individual capacities, individual SLE Church Vestry members Jack Baylor, Monica Cook, Chance Cooper, Mike Dossett, Fran Garrett, Holly Gibney, Gloria Henighan, Ronnie Hardy, Karmen Holmes, Tom Irving, Christine Jacobs, Ray Thompson, David Poole, Bishop Russell Kendrick, and Jamie McElroy. (Doc. 36 at 1-2 n.1).

1

Defendants[2] (referenced as "SLE School Defendants"), the motion to dismiss or alternatively motion for summary judgment filed by Defendant Elizabeth Palmer-Hill (Doc. 40), and the motion to dismiss or alternatively for summary judgment (Docs. 39, 41)[3] filed by St. Luke Episcopal School Administrator Defendants[4] (referenced as "SLE Administrator Defendants"). The motions (Docs. 36, 37, 38, 39, 40) which have been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. CivLR 72(a)(2)(S), have been fully briefed and are ripe for resolution.

Upon consideration of all matters presented, the undersigned **recommends**, for the reasons stated herein, that Plaintiffs' claims against all Defendants be **dismissed with prejudice**, except that Plaintiff Dr. Pascavage's breach of contract claim (Count I) against SLE School, SLE School Executive Board, SLE Church, SLE

---

[2] For purposes of clarity, the following Defendants are referenced as "SLE School Defendants," namely, St. Luke's Episcopal School ("SLE School"); SLE Board of Trustees ("School Board") and, in their official and individual capacities, individual School Board Trustees Brian Knotts, Tara Lockett, Jake Baker, Windy Bitzer, Elizabeth Boone, Dani Moore, Mitch Cumpton, Kim Dolbear, Shane Hale, Terry Holt, Amber Martenstein, Jaye B. Patterson, Roy Price, Robin Roberts, Lloyd Roebuck, Brian Trammell, and Bob Will. (See id.).

[3] Document 41 is a duplicate of Document 39.

[4] For purposes of clarity, the following Defendants are referenced as "SLE Administrator Defendants," namely, Suzy Banks, Michelle Bentley, Duncan Cassidey, Philip Cummings, Cathy Hayes, and Brenda Langham. (See Doc. 41).

Church Vestry and the Diocese be **dismissed without prejudice**; and Plaintiffs' defamation claim (Count II) against Defendants Knotts, Holt, Bentley, Banks, SLE School, SLE Church, SLE Church Vestry and the Diocese be **dismissed without prejudice**. (Id. at 2).

## I. BACKGROUND

Plaintiff Dr. Darren Pascavage ("Dr. Pascavage") commenced this action with the filing of his original complaint in the Circuit Court of Mobile County, Alabama. (Doc. 1-2 at 3-75). Dr. Pascavage alleges that he was wrongfully terminated from his position as Head of School for SLE School and he has asserted claims against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 1985. (Doc. 1-2 at 8, 41-69).[5] Dr. Pascavage has also asserted various state law claims. (Id.) The SE School Defendants removed the action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.[6] (Doc. 1). After removal, several Defendants filed motions to dismiss (Docs. 9, 13) and motions for summary judgment.[7] (Docs. 3, 12, 15). Among other reasons, several Defendants asserted that Plaintiff's

---

[5] Dr. Pascavage asserted that he was "at all times material to this [c]omplaint a resident of Mobile County, Alabama"; however, the complaint contained no citizenship allegations. (Doc. 1-2 at 3-75).

[6] The other defendants consented to removal. (Doc. 1-3).

[7] Defendant Suzy Banks filed an answer in addition to her motion for summary judgment. (Doc. 14)

original complaint was an impermissible shotgun pleading. The Court agreed and struck the original complaint in an Order dated September 20, 2023. (See Doc. 18). Dr. Pascavage was ordered to file an amended complaint that remedied the pleading deficiencies and Defendants' motions were denied without prejudice. (Id. at 9-10).

Dr. Pascavage timely filed his first amended complaint, and shortly thereafter, filed a motion for leave to amend with consent.[8] (Docs. 25, 28). Defendants filed a written consent to the amendment and the second amended complaint, which is now the operative pleading, was filed on November 1, 2023. (Docs. 31, 34). In the second amended complaint, Dr. Pascavage seeks to assert claims on behalf of himself and his two minor children, J.P.P. and C.I.P.[9] (Doc. 34 at 6). Plaintiffs allege they were residents of Alabama "at all times material to this Complaint" and "[a]t the time of this filing," Plaintiffs "are domiciled in the State of Georgia."[10] (Id.). Plaintiffs assert the following claims against

---

[8] The motion requested "leave to amend the Complaint to correct the name of an individual who is a nonparty to this action". (Doc. 28 at 1).

[9] The second amended complaint asserts that the claims of J.P.P. and C.I.P. are being brought on their behalf by "[their] parents Darren and Andrea Pascavage[,]" however, Andrea Pascavage is not listed as a plaintiff in the case caption. (See Doc. 34 at 1, 6).

[10] In his original complaint, Plaintiff Dr. Pascavage alleged that he was "at all times material to this Complaint a resident of Mobile County, Alabama." (Doc. 1-2 at 8).

4

all Defendants "jointly and individually": breach of contract (Count 1); defamation (Count II); civil conspiracy (Count III); wrongful termination in violation of Title IX (Count IV); invasion of privacy (Count V); negligent hiring/training/supervision (Count VI); and wantonness (Count VII).  (Id. at 16-20).

In the SLE Church Defendants' motion to dismiss (Doc. 36), they argue that Plaintiffs' complaint should be dismissed because it is still an improper shotgun pleading, that the SLE Church and SLE Church Defendants did not contract with Dr. Pascavage and thus were not his employer, and that even if they were his employer, the ministerial exception bars his claim. They also contend that Plaintiffs have failed to state a claim upon which relief can be granted. (Id.).  Individual SLE Church Defendants Bishop Kendrick, Baylor, Dossett, Garrett, Henighan, Hardy, Jacobs and Thompson argue in their motion for summary judgment that they were not present and took no part in the December 9, 2022 Special Vestry meeting and did not vote to approve the termination of Dr. Pascavage's employment; thus, they are entitled to summary judgment as a matter of law. (Doc. 37 at 1-4).

The SLE School Defendants filed a motion to dismiss all of Plaintiffs' claims and a motion for summary judgment with respect to Plaintiffs' invasion of privacy claim. (Doc. 38). They argue that Plaintiffs' operative second amended complaint should be dismissed as a shotgun pleading and that all of Plaintiffs' claims

5

are barred by the ministerial exception. They further assert that Plaintiffs have failed to state a breach of contract claim against any of the SLE School Defendants except the school itself. (Doc. 38 at 9-11). They also assert that Plaintiffs' Title IX claim, negligent hiring, training, and supervision claim, defamation claim, invasion of privacy claim, wantonness claim, and conspiracy claim should be dismissed for failure to state a claim upon which relief can be granted. (Doc. 38).

In her motion to dismiss or alternatively motion for summary judgment, Defendant Elizabeth Palmer-Hill asserts that she was not a member of the St. Luke's School Board of Trustees until *after* the events underlying Dr. Pascavage's allegations; thus, Plaintiffs' claims against her should be dismissed with prejudice. (Doc. 40).

The Administrator Defendants, namely Banks, Bentley, Cassidey, Cummings, Hayes and Langham assert, in their motion to dismiss or alternatively, motion for summary judgment, that Plaintiffs' claims should be dismissed because the operative complaint is a shotgun pleading, Dr. Pascavage's claims are barred by the ministerial exception, none of the Administrator Defendants were Board members during Dr. Pascavage's tenure, none of them were involved in Dr. Pascavage's termination, Title IX does not apply to SLE School, Title IX does not apply to individuals, and

6

Plaintiffs J.P.P. and C.I.P. have not alleged any harm under the NetRef Program. (Doc. 39).

In Plaintiffs' response to Defendant Elizabeth Palmer Hill's motion to dismiss or alternatively motion for summary judgment, they concede that their claims against her should be dismissed and apologize for the oversight in including her in the litigation. (Doc. 46). Plaintiffs likewise concede that their claims against several SLE Administrator Defendants, namely Cassidey, Cummings, Hayes and Langham should be dismissed, and they apologize for the oversight in including these individuals in this action. (Doc. 47 at 1). Plaintiffs further concede that all claims against the remaining two SLE Administrator Defendants, namely Bentley and Banks, are to be dismissed except for the breach of contract and defamation claims. (Id. at 1-4). Plaintiffs assert that they have sufficiently plead facts supporting their breach of contract and defamation claims against these two Defendants. Plaintiffs then clarify that they have asserted facts sufficient to state a breach of contract claim against "the SLE School, the SLE Executive Board, the SLE Church, SLE Church Vestry and the Episcopal Church of the Gulf Coast" and a defamation claim against "Defendants Knotts, Holt, Bentley, Banks, the SLE School, SLE Church, SLE Vestry and the Episcopal Church of the Gulf Coast." (Id. at 2). Plaintiffs assert that these state claims against the referenced Defendants are due to be dismissed without prejudice so that they can be

7

refiled in state court, and that "all other claims and parties are voluntarily dismissed from this action at this time." (Id. at 3).

In response to the motion to dismiss filed by the SLE Church Defendants, Plaintiffs argue that their second amended complaint is not an impermissible shotgun pleading. (Doc. 44). Plaintiffs assert that in any event, the issue is moot because they concede that all claims against these Defendants, except the breach of contract and defamation claims, are due to be dismissed. Plaintiffs then assert that they have alleged facts sufficient to state a breach of contract claim against the SLE School, SLE Executive Board, SLE Church, SLE Church Vestry and the Diocese, and a defamation claim against Defendants Knotts, Holt, Bentley, Banks, SLE School, SLE church, SLE Church Vestry and the Diocese. (Id. at 2). Plaintiffs again clarify that the breach of contract and defamation claims against the above-referenced Defendants should be dismissed without prejudice so that they can be refiled in state court. (Id. at 5). In a footnote, Plaintiffs state that "this action subjects the claims to be remanded to the State Courts of Alabama, and consents to such action." (Id. at n.1).

In response to the motion to dismiss filed by the SLE School Defendants, Plaintiffs argue that their second amended complaint is not an impermissible shotgun pleading. (Doc. 45). Plaintiffs assert that in any event, the issue is moot because they concede that all claims except the breach of contract and defamation claims

8

are due to be dismissed with prejudice. (Id. at 5-6). Plaintiffs again contend they have alleged facts sufficient to state a breach of contract claim against the SLE School, SLE School Executive Board, SLE Church, SLE Church Vestry and the Diocese, and a defamation claim against Defendants Knotts, Holt, Bentley, Banks, SLE School, SLE Church, SLE Church Vestry and the Diocese, and they again request that these two claims against the above-referenced Defendants be dismissed without prejudice so they can be refiled in state court. (Id. at 6). In a footnote, Plaintiffs state that "this action subjects the claims to be remanded to the State Courts of Alabama, and consents to such action." (Id. at 2, footnote 1).

    The SLE Church Defendants filed a reply (Doc. 48) in which they renew their arguments and also argue that Plaintiffs' purported voluntary dismissal of all claims except the breach of contract and defamation claims is not permitted under Fed. R. Civ. P. 41(a). (Doc. 48 at 2-3). The SLE Church Defendants further contend that even with a partial dismissal, the breach of contract and defamation claims still constitute an impermissible "shotgun" pleading, and that there is no basis for a remand of this action because this Court has original diversity jurisdiction over all claims under 28 U.S.C. § 1332. (Id. at 4-10).

    In their reply (Doc. 49), the SLE School Defendants renew their arguments and further contend that there is no basis for

9

remand because Plaintiffs "expressly invoked the Court's original jurisdiction on diversity grounds in their Second Amended Complaint." (Doc. 49 at 3-4). The SLE School Defendants argue that even if Plaintiffs had not expressly invoked the Court's original jurisdiction, diversity jurisdiction exists because Plaintiff and his children are all citizens of Georgia and the Defendants are all residents of either Alabama, Mississippi or Florida, and the amount in controversy exceeds $75,000; thus, remand is not appropriate. (Id. at 3-4). Defendants further assert that Plaintiffs are not permitted to voluntarily dismiss some claims under Fed. Civ. P. 41(a)(2).

In her reply (Doc. 50), Defendant Elizabeth Palmer-Hill requests that her motion to dismiss or alternatively motion for summary judgment be granted or that the claims against her be dismissed with prejudice. She notes that while Plaintiffs contend that her inclusion in the second amended complaint was an oversight, Plaintiffs were repeatedly placed on notice that there was no good faith basis to include her in the original lawsuit or the amended pleadings, yet Plaintiffs persisted in including her.

In their reply (Doc. 51), the SLE Administrator Defendants renew their motion for dismissal. They assert that given Plaintiffs' concessions with respect to their claims against the SLE Administrator Defendants, with the exception of Defendants Banks and Bentley, the Court should grant the Administrators'

10

motion to dismiss or alternatively for summary judgment with prejudice. (Doc. 51 at 1-2). The Administrator Defendants contend that Plaintiffs cannot voluntarily dismiss claims on their own terms in order to manipulate jurisdiction, and that this court has original jurisdiction over all claims under 28 U.S.C. § 1332 because this case is "between citizens of different states" and the amount in controversy exceeds $75,000. (Id. at 2-3). They also assert that Fed. R. Civ. P. 41(a)(2) does not permit Plaintiffs to voluntary dismiss claims at this juncture and that Plaintiffs' attempt at a partial dismissal runs afoul of Rule 41(a)(2). (Id.). The Administrator Defendants also argue that Plaintiffs' defamation claims against Defendants Bentley and Banks should be dismissed with prejudice for the same reasons set forth in their motion to dismiss or alternatively for summary judgment. The motions have now been fully briefed and are ripe for resolution.

## II. **ANYALSIS**

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 41, a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. 41(a)(1)(A)(i). Rule 41 "allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit

plaintiffs to pick and choose, dismissing only particular claims within an action." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004). Thus, under Rule 41, a plaintiff may not dismiss only some claims against each defendant. A plaintiff, however, does have the right to dismiss an entire action under Fed. R. Civ. 41(a)(1)(A)(i). Toney v. Radford, 2015 U.S. Dist. LEXIS 79866, at *3 (N.D. Fla. May 21, 2015).

A plaintiff also does not have the right to voluntarily dismiss an action without a court order if the opposing party has served either an answer or a motion for summary judgment. Where an answer or a motion for summary judgment has been filed, a plaintiff must rely on Rule 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). District courts enjoy "broad discretion" when ruling on motions for voluntary dismissal under Rule 41(a)(2). Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015). "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." Id. (citations omitted). In determining whether the defendant will suffer clear legal prejudice, courts "must consider the crucial question of whether 'the defendant would lose any substantial right by the dismissal.'" Id. (citation omitted). If the Court dismisses the case under Rule

41(a)(2), the dismissal is without prejudice unless the order states otherwise. Fed. R. Civ. P. 41(a)(2). In considering requests under Rule 41(a)(2), "the court should . . . weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Arias, 776 F.3d at 1269. Thus, the Court "has the discretion under Rule 41(a)(2) to dismiss [a] case with prejudice." Cunningham v. Whitener, 182 F. App'x 966, 971 (11th Cir. 2006).

**B. Discussion**

As a preliminary matter, the undersigned observes that Plaintiffs' second amended complaint and responses to Defendants' motions to dismiss and motions for summary judgment are not models of clarity. Based on a careful reading of Plaintiffs' responses together, it appears that Plaintiffs are seeking to dismiss all claims before this Court, and as a result, the undersigned construes Plaintiffs' responses as a request for dismissal under Rule 41. First, Plaintiffs acknowledge that their claims against Defendants Palmer-Hill, Cassidey, Cummings, Hayes and Langham were brought in error and apologizes for their inclusion in the lawsuit. (Docs. 46, 47). Plaintiffs also seek, with respect to their claims alleging civil conspiracy (Count III), Title IX wrongful termination (Count IV), invasion of privacy (Count V), negligent hiring, training, and supervision (Count VI) and wantonness (Count

13

VII), to dismiss these claims with prejudice against all Defendants. (Docs. 44, 45, 46, 47). Concerning Plaintiffs' breach of contract and defamation claims, Plaintiffs argue that they have alleged facts sufficient to make out a breach of contract claim against Defendants SLE School, SLE School Executive Board, SLE Church, SLE Church Vestry and the Episcopal Diocese of the Gulf Coast only, and a defamation claim against Defendants Knotts, Holt, Bentley, Banks, SLE School, SLE Church, SLE Church Vestry and the Diocese only, and they expressly request that the claims against the referenced Defendants be dismissed without prejudice so they can be pursued in state court. (Id.). In doing so, Plaintiffs essentially concede that the breach of contract (Count I) and defamation (Count II) claims against the remaining Defendants should be dismissed with prejudice. (Docs. 47 at 3).

Turning first to the SLE Church Defendants, namely SLE Church, the Diocese, SLE Church Vestry and individual SLE Church Vestry members Monica Cook, Chance Cooper, Holly Gibney, Karmen Holmes, Tom Irving, David Poole, and Jamie McElroy, the docket reflects that no answer nor summary judgment motion has been filed on their behalf; thus, under Rule 41(a)(1)(A)(i), Plaintiffs are entitled to dismiss all claims against these Defendants without court order. Accordingly, the undersigned **recommends** that Plaintiffs' claims for civil conspiracy (Count III), Title IX wrongful termination (Count IV), invasion of privacy (Count V), negligent hiring,

14

training, and supervision (Count VI) and wantonness (Count VII) against the SLE Church, Diocese, SLE Church Vestry and individual SLE Church Vestry members, Monica Cook, Chance Cooper, Holly Gibney, Karmen Holmes, Tom Irving, David Poole, and Jamie McElroy be **dismissed with prejudice**; and that Plaintiffs' breach of contract (Count I) and defamation (Count II) claims against individual SLE Church Vestry members Monica Cook, Chance Cooper, Holly Gibney, Karmen Holmes, Tom Irving, David Poole, and Jamie McElroy be **dismissed with prejudice**; and that Plaintiffs' breach of contract (Count I) and defamation (Count II) claims against SLE Church, SLE Church Vestry and the Diocese be **dismissed without prejudice**.

Because Defendant Elizabeth Palmer-Hill filed an answer and she and the remaining Defendants filed motions for summary judgment (Docs. 14, 37, 38, 39, 40), Plaintiffs' request for dismissal with respect to these Defendants must be analyzed under Rule 41(a)(2), which provides that if an answer or summary judgment motion has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" and that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." Versa Products,

15

Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1327 (11th Cir. 2004) (per curiam) (citation omitted).  While the district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2), "[i]n exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1256 (11th Cir. 2001) (citation and internal quotation marks omitted). "The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." Id. at 1255 (citation omitted). "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result."  McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis omitted).

The Court has considered the Defendants' arguments regarding dismissal and finds that Defendants have not argued or set forth how they would lose any substantial right or suffer clear legal prejudice by a dismissal of this action.  Fisher v. Puerto Rico Marine Mgmt., Inc., 940 F.2d 1502, 1502-03 (11th Cir. 1991).  While

16

Defendants argue that Plaintiffs are seeking a partial dismissal,[11] Plaintiffs' responses, though not models of clarity, reveal that Plaintiffs are seeking to dismiss with prejudice all claims against all Defendants, except that they expressly seek a dismissal without prejudice of Dr. Pascavage's breach of contract claim against Defendants SLE School, SLE School Executive Board, SLE Church, SLE Church Vestry and the Diocese; and a dismissal without prejudice of Plaintiffs' defamation claim against Defendants Knotts, Holt, Bentley, Banks, SLE School, SLE Church, SLE Church Vestry and the Diocese.  Nowhere in Plaintiffs' responses do they contend that they have stated a defamation claim or breach of contract claim against any Defendants except those referenced above nor do they request to preserve their right to proceed against any Defendants except those expressly referenced above.

Accordingly, the undersigned **recommends** that Plaintiffs' civil conspiracy claim (Count III), Title IX wrongful termination (Count IV), invasion of privacy (Count V), negligent hiring, training, and supervision (Count VI), and wantonness (Count VII) claims against the Defendants be **dismissed with prejudice**; that Dr. Pascavage's breach of contract claim (Count I) against Defendants SLE School, SLE School Executive Board, SLE Church, SLE

---

[11] Of course, Defendants Palmer-Hill, Cassidey, Cummings, Hayes and Langham note that Plaintiffs acknowledge that these Defendants were included in the lawsuit in error. (Docs. 50, 51).

17

Church Vestry and the Diocese be **dismissed without prejudice**; that that Plaintiffs' defamation claim (Count II) against Defendants Knotts, Holt, Bentley, Banks, SLE School, SLE Church, SLE Church Vestry and the Diocese be **dismissed without prejudice**; and that all remaining claims against all remaining Defendants be **dismissed with prejudice**[12].

## IV. CONCLUSION

In light of the foregoing, the undersigned **recommends** that Plaintiffs' responses, construed as motions seeking dismissal under Fed. R. Civ. P. 41, be granted as set forth above, and that Defendants motions (Docs. 36, 37, 38, 40, 41) be **denied as moot.**

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

---

[12] To the extent the undersigned has misconstrued Plaintiffs' responses, Plaintiffs can clarify their positions by filing objections to the instant report and recommendation.

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **22nd** day of **July, 2024.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**