IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DARREN PASCAVAGE**, *et al.*, | ) |
| | ) |
| **Plaintiffs**, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 23-00336-KD-B |
| | ) |
| **ST. LUKE'S EPISCOPAL CHURCH**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objections (docs. 53, 54) are made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(5), dated July 22, 2024 (doc. 52) is ADOPTED as the opinion of this Court, as modified herein:

Accordingly, the Court orders as follows:

I. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i)[1] Plaintiffs' action against the Defendants[2] who did not serve an answer or a motion for summary judgment, is dismissed as follows:

A. This action against Defendants Monica Cook, Chance Cooper, Holly Gibney, Karmen Holmes, Tom Irving, David Poole, and Rector Jamie McElroy is **dismissed with prejudice** as to all Counts and Claims.

B. This action against Defendants St. Luke's Episcopal Church, St. Luke's Episcopal Church Vestry, and Episcopal Diocese of the Central Gulf Coast is **dismissed with prejudice** as to Count III claiming civil conspiracy, Count IV claiming Title IX wrongful

---

[1] Pursuant to Rule 41(a)(1)(B), "[u]nless the notice or stipulation" of dismissal "states otherwise, the dismissal is without prejudice". In their responses to the motions to dismiss, Plaintiffs specifically stated which dismissals were with or without prejudice (docs. 44-47).

[2] Defendants filed a motion to dismiss (doc. 36).

termination, Count V claiming invasion of privacy, Count VI claiming negligent hiring, training, and supervision, and Count VII claiming wantonness.

C. This action against Defendants St. Luke's Episcopal Church, St. Luke's Episcopal Church Vestry, and Episcopal Diocese of the Central Gulf Coast is **dismissed without prejudice** as to Count I claiming breach of contract and Count II claiming defamation.

St. Luke's Episcopal Church, and St. Luke's Episcopal Church Vestry, and Episcopal Diocese of the Central Gulf Coast (the "Church Defendants"), "specifically object to the portion of the Report and Recommendation that recommends dismissal without prejudice of Count I (Breach of Contract) and Count 2 (Defamation) … without imposing requirements on Plaintiffs to pay certain of Objecting SLE Church Defendants' fees and costs, namely those incurred in responding to Plaintiffs' [Second Amended] Complaint." (doc. 54, p. 3; Id., p. 1-2, adopting Section II of the School Defendants' Objection (doc. 53) (bracketed text added).  They argue that Plaintiffs are trying to "avoid the consequences" of their repeatedly deficient pleadings by voluntarily abandoning meritless claims and dismissing Counts I and II without prejudice with the intent to refile in state court.  The Church Defendants assert that attorney fees and costs should be awarded because they were incurred "as a direct result of Plaintiffs' failure to follow the Federal Rules of Civil Procedure, applicable case law, and an order of this Court, and in light of their subsequent attempt to manipulate jurisdiction by dismissing certain claims with the stated intention of refiling in state court." (Id., p. 2).[3]

---

[3] The Church Defendants adopt by reference St. Luke's Episcopal School, the School's Board of Trustees, and individual defendants Brian Knotts, Terry Holt, Michelle Bently, and Suzy Banks (the "School Defendants") argument why they should be awarded attorney's fees and costs. But the voluntary dismissal of the School Defendants was construed as a Rule 41(a)(2) dismissal which allows the Court to dismiss the action on "court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In other words, as a term the "court considers proper", it may impose conditions on the dismissal of the School Defendants including attorney's fees and costs.

Relevant here, the Magistrate Judge construed Plaintiffs' response (doc. 44) as a voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i) as to Count I and Count II against the Church Defendants and did not award costs or attorney fees (doc. 52). Rule 41(a)(1)(A)(i) "preserve[s] the plaintiff's ability to control the lawsuit early in the litigation and permits voluntarily dismissing the federal action without a court order and refiling a new action in state court." Sargeant v. Hall, 951 F.3d 1280, 1287 (11th Cir. 2020). The dismissal is effective upon filing. Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990). However, the district courts maintain jurisdiction following a Rule 41(a)(1)(A)(i) dismissal to address collateral issues. See Absolute Activist Value Master Fund Ltd. v. Devine, 998 F.3d 1258, 1266 (11th Cir. 2021) ("… it is clear that even when a voluntary dismissal disposes of an entire action, district courts retain jurisdiction to consider at least five different types of collateral issues: costs, fees, contempt sanctions, Rule 11 sanctions, and motions to confirm arbitral awards.").

Rule 41(d) captioned "Costs of a Previously Dismissed Action" exists to deter vexatious litigation or forum shopping, and to prevent unfairness to defendants. See SFR Servs., LLC v. First Protective Ins. Co., No. 6:22-CV-1058-WWB-DAB, 2022 WL 18774817, at *2 (M.D. Fla. Oct. 25, 2022). Rule 41(d) provides that, if a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Id., citing Fed. R. Civ. P. 41(d). "'A showing of bad faith is *not* required to recover costs under the rule. Instead, courts look to whether a plaintiff's conduct satisfies the requirements of Rule 41(d) and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant.'" Id. (quoting Rodriguez & Gonzalez Invs., LLC v. Scottsdale Ins. Co., No. 19-25261-CIV, 2020 WL 4905437, at *2 (S.D. Fla. Mar. 3, 2020) (citation omitted), report and recommendation adopted, 2020 WL 4905438 (S.D. Fla. Apr. 14, 2020)) (italics in

3

original). Rule 41(d) does not specifically provide for an award of attorney's fees and the courts who have considered the question have reached different conclusions. See Carruth v. Bentley, No. 7:17-CV-1445-LSC, 2018 WL 1993257, at *16-17 (N.D. Ala. Apr. 27, 2018), aff'd, 942 F.3d 1047 (11th Cir. 2019) (collecting cases). However, several district courts have found that Rule 41(d) may be interpreted to allow attorney's fees and one district court has found "the correct interpretation of Rule 41(d) that both respects the inherent power of the courts, prevents abuse of judicial process, and – most importantly – respects the text of Rule 41(d) itself, requires that attorneys' fees can only be awarded where the Court makes a finding that the re-filing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Carruth, 2018 WL 1993257, at *17.

Additionally, to obtain costs, the re-filed action must be filed in federal court and any motion for costs filed in that action. Sargeant, 951 F.3d at 1283-88.  The Court of Appeals for the Eleventh Circuit left open the question of whether costs under Rule 41(d) could be awarded if the second action is filed in state court and removed to federal court. 951 F.3d at 1283, n. 2 ("We do not address whether Rule 41(d) applies where the second action is filed in state court and then successfully removed to federal court, as that scenario is not presented here.").

The Church Defendants appear to base their request for attorney's fees and costs on the assertion that Plaintiffs abused and manipulated the judicial process.  However, the Church Defendants did not file a separate motion for sanctions as required by Rule 11(c) of the Federal Rules of Civil Procedure. And sanctions pursuant to 28 U.S.C. § 1927 require a showing that counsel unreasonably and vexatiously multiplied the litigation.[4] The Church Defendants have failed to show that Plaintiffs' counsels actions were vexatious. Thus, the request for sanctions is denied.

---

[4] The Church Defendants also adopt by reference the School Defendants' argument (doc. 53, Section II) wherein they cite Rule 41(d) as a source for an award of costs if a voluntarily dismissed action is refiled and preserve their right to submit an attorney's fee petition under 42 U.S.C. § 1988(b).

4

II. Pursuant to Rule 41(a)(2),[5] Plaintiffs' action against the Defendants who served an answer or a motion for summary judgment,[6] is dismissed as follows:

A. This action against Defendants Bishop Russell Kendrick, Jack Baylor, Mike Dossett, Fran Garrett, Gloria Henighan, Ronnie Hardy, Christine Jacobs, and Ray Thompson, Elizabeth Palmer-Hill, Duncan Cassidey, Philip Cummings, Cathy Hayes, Brenda Langham, Tara Lockett, Kim Dolbear, Brian Trammell, Jake Baker, Wendy Bitzer, Elizabeth Boone, Dani Moore, Bob Will, Mitch Cumpton, Shane Hale, Amber Martenstein, Jaye B. Patterson, Roy Price, Robin Roberts, Lloyd Roebuck, and Rector Jamie McElroy is **dismissed with prejudice** as to all Counts and Claims.

B. This action against Defendants Suzy Banks, Michelle Bentley, Brian Knotts and Terry Holt is **dismissed without prejudice** as to Count II claiming defamation and **dismissed with prejudice** as to all other Counts and Claims.

C. This action against Defendant St. Luke's Episcopal School is **dismissed without prejudice** as to Count I claiming breach of contract and Count II claiming defamation, and **dismissed with prejudice** as to all other Counts and Claims.

D. This action against Defendant St. Luke's Episcopal School Board of Trustees is **dismissed without prejudice** as to Count I claiming breach of contract and **dismissed with prejudice** as to all other Counts and Claims.

---

In the original complaint Plaintiffs alleged claims pursuant to 42 U.S.C. § 1981 and § 1985. In the Second Amended Complaint, they alleged a claim under Title IX. Section 1988(b) provides for "a reasonable attorney's fee as part of the costs" for "any action or proceeding to enforce a provision of sections 1981, … 1985, and …title IX of Public Law 92-318…". Since Plaintiffs dropped their claims under § 1981 and § 1985 and voluntarily dismissed with prejudice the Title IX claim, the Defendants appear to intend to assert they are prevailing parties under § 1988(b).

[5] "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper…. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

[6] Elizabeth Palmer-Hill (doc. 2, answer; doc. 40, motion to dismiss or in the alternative motion for summary judgment); Suzy Banks, Michelle Bentley, Duncan Cassidey, Philip Cummings, Cathy Hayes, and Brenda Langham (doc.14, answer; doc. 39, motion to dismiss or in the alternative motion for summary judgment), and Bishop Russell Kendrick, Jack Baylor, Mike Dossett, Fran Garrett, Gloria Henighan, Ronnie Hardy, Christine Jacobs, and Ray Thompson (doc. 37, motion for summary judgment).

St. Luke's Episcopal School, the School's Board of Trustees, and individuals Brian Knotts, Terry Holt, Michelle Bentley, and Suzy Banks (the School Defendants) object in part to the Report and Recommendation (doc. 53).  They do not object to the recommendation of dismissal but "object on the limited basis that the Report and Recommendation does not adequately protect them from the prejudice and inequity caused by Plaintiffs' litigation conduct." (doc. 53, p. 1). The School Defendants point out that Plaintiffs filed three complaints all of which have been disfavored shotgun pleadings including the Second Amended Complaint, that Plaintiffs sued individuals who were not involved in the decision to terminate Dr. Pascavage, and they alleged claims based on legal theories with no chance of prevailing - which Plaintiffs now – after substantial litigation, filing their Second Amended Complaint, and in the face of multiple dispositive motions  – concede and agree to dismissal with prejudice, thus admitting the lack of merit.

The School Defendants argue that this abuse of litigation has been costly, and since Plaintiffs plan to refile Counts I and II in state court, they face the risk of future abusive litigation. The School Defendants argue that starting over in a new forum – state court – is inequitable in that the work done to date will be wasted and the new judge will not be familiar with the action. They also point to the likelihood that the state court action will be removed on diversity because complete diversity exists and the amount in controversy is met.

The School Defendants ask the Court to impose the following conditions: 1) require Plaintiffs to file their new action in this court, or if not, award the School Defendants their costs and attorney fees for the removal of this action[7] (either now or payment upon refiling of the future complaint in state court) and 2) award the School Defendants their costs and attorney fees for briefing the second round of dispositive motions after Second Amended Complaint was filed (doc.

---

[7] The School Defendants seek leave to file a fee application or alternatively, consent to the Court deciding an appropriate amount of fees (doc. 53, p. 8).

53, p. 6-8).  The School Defendants also reserve their rights to submit a fee petition under 42 U.S.C. § 1988(b).

Pursuant to Fed. R. Civ. P. 41(a)(2), the Court may dismiss an action at the Plaintiffs' "request only by court order, on terms that the court considers proper".  In that regard,

> The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." Id. at 856–57. "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." McCants, 781 F.2d at 857. Pontenberg v. Bos. Sci. Corp., 252 F.3d 1253, 1255–56 (11th Cir. 2001) (per curiam).

Martin v. Burkett, No. CV 1:22-00176-KD-N, 2023 WL 1426892, at *2 (S.D. Ala. Jan. 11, 2023), report and recommendation adopted, No. CV 1:22-00176-KD-N, 2023 WL 1363417 (S.D. Ala. Jan. 31, 2023) (italics in original).

At this time, the Court declines to award costs or to force the Plaintiffs to file in Federal Court.

DONE and ORDERED this 14th day of August 2024.

 s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE